
SLIP OPINION

Cite as 2013 Ark. 509

# SUPREME COURT OF ARKANSAS

No. CV–13–261

| | |
|---|---|
| ELIZABETH WORDEN AND DOUGLAS SPIRES, AS HEIRS AT LAW FOR ALFRED SPIRES (DECEASED)<br><br>APPELLANTS<br><br>V.<br><br><br>DR. JEFFREY KIRCHNER, M.D. (INDIVIDUALLY); ARKANSAS HEALTH GROUP, D/B/A NORTH LITTLE ROCK EMERGENCY DOCTORS GROUP; BAPTIST HEALTH, D/B/A BAPTIST HEALTH MEDICAL CENTER – NORTH LITTLE ROCK; BAPTIST MEDCARE, INC., D/B/A PRACTICE PLUS<br><br>APPELLEES | **Opinion Delivered** December 12, 2013<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60-CV-11–5618]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br><br><br><br><u>AFFIRMED; COURT OF APPEALS' OPINION VACATED</u> |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellants Elizabeth Worden and Douglas Spires, as the heirs at law of Alfred Spires, deceased, appeal an order entered by the Pulaski County Circuit Court dismissing their complaint alleging claims for malpractice and wrongful death against appellees Dr. Jeffrey Kirchner, M.D.; Arkansas Health Group, d/b/a North Little Rock Emergency Doctors Group (Arkansas Health); Baptist Health, d/b/a Baptist Health Medical Center – North Little Rock (Baptist Health); and Baptist MedCare, Inc., d/b/a Practice Plus (Baptist MedCare). For reversal, appellants contend that the circuit court erred by granting summary judgment prior to the completion of discovery; by dismissing their complaint against Dr. Kirchner

SLIP OPINION

pursuant to Arkansas Rule of Civil Procedure 12(b)(6) (2013); by dismissing their complaint against Arkansas Health, Baptist Health, and Baptist MedCare on the ground that appellants' claims were barred by the statute of limitations; and by ruling that they could not assert claims on behalf of the decedent. We granted appellants' petition for review from the court of appeals' decision in *Worden v. Kirchner*, 2013 Ark. App. 168. Therefore, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(e) (2013). We find no error and affirm.

On November 21, 2011, appellants, pro se, instituted the present lawsuit against appellees alleging "medical injury and the wrongful death of Alfred Spires (Deceased)." According to the complaint, on June 27, 2008, the decedent, Alfred Spires, who was a resident of Florida, became ill while visiting relatives in Sheridan, Arkansas. On that date shortly before 10:00 a.m., an ambulance transported him to the emergency room at Baptist Health Medical Center in North Little Rock. The decedent died later that day at 1:55 p.m., after collapsing in a hallway between emergency-room departments.

As grounds for their claims of negligence, appellants alleged that, upon arrival at the emergency room, the decedent relayed a history of myocardial infarction, yet hospital staff failed to perform a cardiovascular assessment. Appellants alleged that emergency-room personnel misdiagnosed the decedent's condition as abdominal pain because, in fact, the decedent was having a heart attack, as evidenced by the findings of the decedent's autopsy listing arteriosclerotic cardiovascular disease as the cause of death. Appellants further asserted that a myocardial infarction requires immediate medical attention and that treatment was delayed in the care of the decedent.

SLIP OPINION

Appellees filed a joint answer to the complaint, and later each appellee filed separate motions to dismiss. In Kirchner's motion for dismissal, he argued that appellants' complaint should be dismissed pursuant to Rule 12(b)(6) because it failed to state facts upon which relief could be granted. In particular, Kirchner asserted that the complaint did not set forth facts pertaining to the applicable standard of care, how he failed to act in accordance with that standard, or how that alleged failure proximately caused the decedent's death. Kirchner stated that "nothing in the Complaint even indicates that [I] personally saw [the decedent] or provided him with any medical care or treatment." Kirchner further alleged that appellants' complaint against him should be dismissed with prejudice because the statute of limitations had since expired. In addition, Kirchner argued that appellants' complaint was a nullity, insofar as appellants were seeking damages for injuries sustained by the decedent. He asserted that such an action to recover damages for injuries to a decedent can only be brought by an administrator or executor on behalf of the decedent's estate. Kirchner claimed that appellants, as the decedent's heirs, lacked the ability to assert claims sought in the complaint for the decedent's pain and suffering, loss of life, medical expenses, funeral and burial expenses, or any other alleged injury to the decedent.

In their motions to dismiss, Arkansas Health, Baptist Health, and Baptist MedCare argued primarily that dismissal was warranted because appellants did not commence an action against them within the applicable two-year statute of limitations. On this issue, appellees alleged that appellants previously had nonsuited their cause of action. Appellees stated that the original lawsuit was instituted against other defendants on June 24, 2010, within the

3

limitations period. Appellees asserted, however, that they were not named as defendants in that lawsuit until appellants filed an amended complaint on October 1, 2010, which was outside the limitations period. They also argued that appellants could not seek damages for injuries suffered by the decedent for the same reason offered by Kirchner.

Appellants did not file responses to appellees' motions to dismiss. After appellants' response time had lapsed, appellees submitted a proposed order of dismissal to the circuit court. On February 3, 2012, the circuit court granted appellees' motions and dismissed appellants' complaint with prejudice. Subsequently, appellants filed a motion for the circuit court to reconsider its decision, and they requested a hearing on the motions. The circuit court did not hold a hearing, nor did it act on the motion to reconsider. Therefore, the motion to reconsider was deemed denied by operation of law. Appellants timely filed a notice of appeal.

The court of appeals affirmed the circuit court's order in *Worden v. Kirchner, supra.* We subsequently granted appellants' petition for review. When this court grants a petition for review, we treat the appeal as if it had been originally filed in this court. *McNutt v. Yates*, 2013 Ark. 427, ___ S.W.3d ___.

Appellants first argue that the circuit court erred in granting appellees' motions for "summary judgment" before the completion of discovery. In support of this argument, appellants refer us to our decision in *First National Bank v. Newport Hospital & Clinic, Inc.*, 281 Ark. 332, 663 S.W.2d 742 (1984), where we held that a plaintiff is entitled to have the benefit of adequate discovery "as the nature of the case requires" before a motion for summary

4

SLIP OPINION

judgment should be granted. *First Nat'l Bank*, 281 Ark. at 335, 663 S.W.3d at 744. However, in this case, appellants did not alert the circuit court that any discovery efforts were ongoing that were pertinent to their defense of motions to dismiss, nor did they urge the court to delay consideration of the motions to dismiss until discovery was completed. Therefore, it is clear that appellants failed to bring this issue to the attention of the circuit court. It is well settled that this court will not consider arguments raised for the first time on appeal. *Scudder v. Ramsey*, 2013 Ark. 115, ___ S.W.3d ___. Moreover, to prevail on this issue, appellants had to show that additional discovery would have changed the outcome of the case. *Alexander v. Flake*, 322 Ark. 239, 910 S.W.2d 190 (1995); *Jenkins v. Int'l Paper Co.*, 318 Ark. 663, 887 S.W.2d 300 (1994). Appellants have failed to meet this burden. Accordingly, we affirm on this point.

Next, appellants contend that they alleged sufficient facts in their complaint to survive Kirchner's motion for dismissal under Rule 12(b)(6). Specifically, they argue that their complaint clearly stated facts pertaining to the care that the decedent received, the negligence of Kirchner, and their claims for damages.

Our standard of review regarding a motion to dismiss is well established. In reviewing a circuit court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Deer/Mt. Judea Sch. Dist. v. Kimbrell*, 2013 Ark. 393, ___ S.W.3d ___. In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Baptist Health v. Murphy*, 2010 Ark. 358, 373

5

SLIP OPINION

S.W.3d 269. Our standard of review for the granting of a motion to dismiss under Rule 12(b)(6) is whether the circuit judge abused his or her discretion. *St. Vincent Infirmary Med. Ctr. v. Shelton*, 2013 Ark. 38, ___ S.W.3d ___.

Arkansas Rule of Civil Procedure 8(a)(1) requires that a complaint state facts, not mere conclusions, in order to entitle the pleader to relief. *Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, 372 S.W.3d 324. Only facts alleged in the complaint are treated as true, not the plaintiff's theories, speculation, or statutory interpretation. *Dockery v. Morgan*, 2011 Ark. 94, 380 S.W.3d 377. Rules 8(a)(1) and 12(b)(6) must be read together in testing the sufficiency of a complaint. *Id.* In an action concerning medical injury, the elements to be proved are the applicable standard of care, that the medical provider failed to act in accordance with that standard, and that such failure was a proximate cause of the plaintiff's injuries. Ark. Code Ann. § 16-114-206 (Repl. 2006); *Williamson v. Elrod*, 348 Ark. 307, 72 S.W.3d 489 (2002).

The gravamen of appellants' claim against Kirchner is the allegation that Kirchner "deviated from the acceptable standard of care resulting in the misdiagnosis of Plaintiff, Alfred Spires's condition delaying life saving treatment on June 27, 2008." However, the complaint provides no facts in support of this allegation. Bereft of any factual support, this statement is conclusory, as it does not state in specific terms how Kirchner "deviated from the acceptable standard of care resulting in the misdiagnosis" of the decedent. Moreover, the complaint does not contain sufficient facts on the element of proximate causation. In this regard, the complaint states only that "[a]s a proximate cause of the aforesaid actions and negligence, Plaintiffs have sustained damages." Yet, the complaint fails to allege how Kirchner's actions

6

—or lack thereof—specifically caused the decedent's death. We conclude that these conclusory statements are not sufficient under the Arkansas Rules of Civil Procedure, which identify Arkansas as a fact-pleading state. *See* Ark. R. Civ. P. 8(a)(1); *see also DeSoto Gathering Co., LLC v. Smallwood*, 2010 Ark. 5, 362 S.W.3d 298. For this reason, the circuit court did not abuse its discretion in granting Kirchner's motion to dismiss.

Next, appellants argue that the claims they asserted against appellees Arkansas Health, Baptist Health, and Baptist MedCare are not barred by the statute of limitations. Appellants maintain that they filed their complaint in the original action within the statute of limitations. Further, appellants contend that the amended complaint in that lawsuit naming these appellees as defendants related back to the date of the original complaint pursuant to Arkansas Rule of Civil Procedure 15(c) (2013), thereby satisfying the statute of limitations.

In their motions to dismiss, appellees Arkansas Health, Baptist Health, and Baptist MedCare did not argue that appellants failed to refile their complaint within the one-year period following the nonsuit, as accorded by the savings statute found at Arkansas Code Annotated section 16–62–102(c)(2) (Repl. 2005). Instead, it was their argument that, in order to invoke the protections of the savings statute, the appellants must have commenced the original action against them within the statute of limitations. *See, e.g.*, *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003) (holding that a plaintiff must timely commence the original lawsuit for a savings statute to apply). Here, the statute of limitations for appellants' cause of action against appellees was two years pursuant to Arkansas Code Annotated section 16–114–203 (Repl. 2006). *See St. Paul Mercury Ins. Co. v. Circuit Ct.*

SLIP OPINION

*of Craighead Cnty.*, 348 Ark. 197, 73 S.W.3d 584 (2002) (holding that the two-year statute-of-limitations period for medical-malpractice actions set forth in section 16-114-203 applies to all causes of action for medical injury, including wrongful-death actions). The alleged wrongful acts occurred on June 27, 2008. Therefore, the statute of limitations expired two years later on June 27, 2010. As alleged by appellees, appellants filed the complaint in the original action on June 24, 2010, a few days before the statute of limitations expired. Subsequently, on October 1, 2010, appellants filed an amended complaint adding appellees as defendants. However, appellants filed this October 1, 2010 amended complaint against appellees outside the two-year statute of limitations, as this period expired on June 27, 2010. Because appellees were not named as party defendants until after the statute of limitations had expired, the savings statute does not apply, and the suit against them is time-barred.

Nonetheless, appellants argue that their claims are not barred by the statute of limitations because the amended complaint filed on October 1, 2010, relates back to the filing of the initial complaint on June 24, 2010. This argument is based on the provisions of Arkansas Rule of Civil Procedure 15(c) (2013):

> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when:
>
> (1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (2) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (1) is satisfied and, within the period provided by Rule 4(i) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a

defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

However, appellants neglected to raise this issue in the circuit court. It is axiomatic that this court will not consider arguments raised for the first time on appeal. *Boellner v. Clinical Study Ctrs., LLC*, 2011 Ark. 83, 378 S.W.3d 745. Because this issue was not raised below, there is nothing in the record to support appellants' argument that they met the relation-back requirements set out in Rule 15(c)(2). Therefore, we are unable to decide this issue.

Finally, appellants contest appellees' assertions that they could not bring claims on behalf of the decedent. We need not address this argument. Because we are affirming the circuit court's dismissal order on other grounds, any question of appellants' ability to assert claims on behalf of the decedent is moot. *Cotten v. Fooks*, 346 Ark. 130, 55 S.W.3d 290 (2001) (observing that an issue becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy).

Affirmed; court of appeals' opinion vacated.

*Elizabeth Worden* and *Douglas Spires*, pro se appellants.

*Friday, Eldredge & Clark, LLP*, by: *Kathryn A. Kirkpatrick*, for appellees.