# ARKANSAS COURT OF APPEALS

DIVISION I

No. CV–15–1006

| | |
|---|---|
| PATRICIA JACKSON | **Opinion Delivered:** October 19, 2016 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION [NO. 60CV-14-2554] |
| V. | |
| NATIONSTAR MORTGAGE LLC | |
| APPELLEE | HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE |
| | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Patricia Jackson appeals the Pulaski County Circuit Court order dismissing her claims against Nationstar Mortgage LLC ("Nationstar") with prejudice. On appeal, Jackson argues that the circuit court erred when it (1) considered Nationstar's motion to dismiss after she filed an amended complaint; (2) did not afford her an opportunity to respond to the motion to dismiss as to the new claims in her amended complaint; and (3) found that Arkansas law does not permit recovery for her claims. We affirm.

This action arises out of Jackson's homeowners' insurance contract with Allstate Insurance Company ("Allstate") and her mortgage agreement[1] with Nationstar concerning her house in Little Rock. The insurance contract provided as follows:

---

[1]Jackson's ex-husband, Donald Jefferson, is a co-obligor on the mortgage note, but he is not a party to the homeowners' insurance contract.

SLIP OPINION

> We will protect the mortgagee's interest in a covered building structure in the event of an increase in hazard, intentional or criminal acts of, or directed by, an insured person, failure by any insured person to take all reasonable steps to save and preserve property after a loss, a change in ownership, or foreclosure if the mortgagee has no knowledge of these conditions.

The mortgage agreement provided,

> In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible.
> . . . .
> If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

On February 22, 2012, the house burned, leaving it uninhabitable. Jackson made a claim under her homeowners' policy, but Allstate denied it on the basis of alleged arson, misrepresentation, and concealment by Jackson.

On February 6, 2013, Jackson filed suit against Allstate in the Pulaski County Circuit Court alleging that Allstate had wrongfully denied her insurance claim following the house fire. Allstate removed the case to federal district court on February 25, 2013. The case proceeded to trial, and the jury rendered a verdict in favor of Allstate, finding that "Jackson or someone on her behalf, either burned her home or caused it to burn."[2]

---

[2] The Eighth Circuit affirmed the jury's verdict on May 7, 2015. *See Jackson v. Allstate Ins. Co.*, 785 F.3d 1193 (2015).

Following the trial, on July 1, 2014, Jackson filed a declaratory-judgment action against Nationstar in the Pulaski County Circuit Court.[3] She alleged that Allstate's attorney had informed her that Allstate had made an agreement with Nationstar to satisfy her mortgage for $203,164.41 and that Allstate had sent Nationstar a check for that amount in March 2014; however, her mortgage balance remained $243,845.38.[4] She asked the court to (1) require Allstate to pay off the mortgage in full; (2) declare that she had no further liability to Nationstar; (3) require Nationstar to reimburse her for the mortgage payments she made following the fire; and (4) require Nationstar to remove a lockbox placed on the house following the fire.

On August 20, 2015, Nationstar filed a motion to dismiss. Nationstar informed the court that after Jackson filed the action, it applied the $203,164.41 that it received from Allstate to the outstanding loan balance, charged off the remaining amounts owed on the loan, and recorded a release of the mortgage in the Pulaski County real estate records. Nationstar asserted that as a result of the release, Jackson's requested relief was either moot or unavailable under Arkansas law. Specifically, Nationstar contended that Jackson was not entitled to reimbursement for mortgage payments because the insurance policy contained a standard mortgage clause. Nationstar relied on *Fireman's Fund Insurance Co. v. Rogers*, 18 Ark. App. 142, 712 S.W.2d 311 (1986), and asserted that under a standard mortgage clause,

---

[3] Jackson also named Allstate and Jefferson as defendants, and she later joined the City of Little Rock as a defendant. The court entered orders of dismissal against Allstate, Jefferson, and the City of Little Rock.

[4] This amount reflects the outstanding balance as of June 26, 2014.

when an insured mortgagor causes the loss, the insurer has no liability to the insured mortgagor, and the insurance proceeds need not be applied to reduce the mortgage.

On August 29, 2015, Jackson amended her complaint. She realleged the facts from her original complaint and further alleged that Nationstar had unreasonably delayed applying the $203,164.41 from Allstate to her mortgage balance. She asserted that Nationstar delayed the application because she would not submit an affidavit to Nationstar concerning the payment. She contended that the mortgage agreement did not require an affidavit and that she suffered a loss during the delay because she had to make the mortgage payments. She asserted additional claims for a breach of the mortgage agreement and unjust enrichment and again requested reimbursement for the mortgage payments she had paid following the fire.

On August 31, 2015, Jackson filed a response to Nationstar's motion to dismiss, asserting that the motion should be denied because she had alleged new claims in her August 29, 2015 amended complaint that Nationstar had not addressed.

On September 3, 2015, Nationstar filed a notice of adoption of its motion to dismiss. Nationstar alleged that Jackson's amended complaint did not include any additional facts but only "reframed her request for reimbursement." It reasserted its argument pursuant to *Fireman's Fund*.

The court held a hearing on Nationstar's motion to dismiss on September 8, 2015. At the hearing, Nationstar again asserted that the relief sought in Jackson's original complaint and amended complaint was either moot as a result of the mortgage release or unavailable

under Arkansas law.[5] In response, Jackson asked for additional time to respond to Nationstar's adoption to its motion to dismiss because the adoption had been filed only five days prior to the hearing, which included Labor Day. She additionally argued that the court should not consider Nationstar's motion to dismiss as to the amended complaint because the amended complaint alleged new claims. At the conclusion of the hearing, the court orally granted Nationstar's motion to dismiss.

On September 23, 2015, the court entered a written order dismissing with prejudice Jackson's claims against Nationstar. The court found that "Nationstar was under no duty to apply the insurance proceeds to reduce Jackson's obligation on the [n]ote and [m]ortgage" pursuant to *Fireman's Fund*. On October 16, 2015, Jackson timely filed her notice of appeal.

Our standard of review on a motion to dismiss is well established. In cases where the appellant claims that the trial court erred in granting a motion to dismiss, we review the trial court's ruling using a de novo standard of review. *Holliman v. Johnson*, 2012 Ark. App. 354, 417 S.W.3d 354. When the issues on appeal do not involve factual questions but rather the application of a legal doctrine, we simply determine whether the appellees were entitled to judgment as a matter of law. *Winrock Grass Farm, Inc. v. Affiliated Real Estate Appraisers of Ark., Inc.*, 2010 Ark. App. 279, 373 S.W.3d 907.

Jackson first argues that the circuit court erred when it considered Nationstar's motion to dismiss after she had filed an amended complaint. She asserts that her amended

---

[5]At the hearing, Nationstar informed the court that after it had applied the insurance funds to Jackson's mortgage, Jackson's outstanding balance was $60,000, but it gratuitously charged off the debt. Nationstar also informed the court that it had removed the lockbox from the house.

complaint alleges new claims that she did not plead in her original complaint. Nationstar contends that Jackson's argument is meritless because the issues identified in its motion to dismiss the original complaint also existed in the amended complaint.

We agree with Nationstar. In her original complaint, Jackson asked the court to require Nationstar to release her from the mortgage and to reimburse her for the mortgage payments she made following the fire. In her amended complaint, she recognized that Nationstar had released the mortgage but again asked for reimbursement for the mortgage payments through new claims. Thus, Jackson merely asserts new theories to acquire the same relief. Furthermore, the same defects Nationstar raised in the original motion apply to the new pleading—that Arkansas law does not allow reimbursement pursuant to *Fireman's Fund*. To require Nationstar to file a new motion in these circumstances would "exalt form over substance." 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2010); *see also* Ark. R. Civ. P. 1 (stating that the rules shall be construed "to secure the just, speedy and inexpensive determination of every action"). Accordingly, we hold that the circuit court did not err in considering Nationstar's motion to dismiss.[6]

Jackson next argues that the circuit court erred in considering the motion to dismiss because it did not afford her an opportunity to file a written response to the motion as to the newly added claims. We do not agree. In *Smith v. Walt Bennett Ford, Inc.*, 314 Ark. 591, 864 S.W.2d 817 (1993), our supreme court held that circuit court did not err in granting a

---

[6] Jackson also claims that Nationstar's "motion to adopt was not proper under Ark. R. Civ. P. 10." However, Jackson failed to raise this argument in the circuit court. Accordingly, her argument is not preserved for our review. *See Worden v. Kirchner*, 2013 Ark. 509, 431 S.W.3d 243.

motion in limine without giving the opposing party the opportunity to file a written response within ten days:

> There is no specific requirement of a written response to a written motion; ARCP Rule 78(b) merely requires that if a written response is to be filed, it must be done so within ten days of service of the motion. However, a trial court should either allow a written response to the motion or hold a hearing at which a response is heard.

*Id.* at 612-13, 864 S.W.2d at 829. In *Loveless v. Agee*, 2010 Ark. 53, our supreme court distinguished *Smith* and held that a circuit court committed a reversible error when it granted a motion to dismiss because the court dismissed the appellant's claims without a hearing and before she had filed her written response.

In this case, we hold that the circuit court did not err in granting Nationstar's motion to dismiss before Jackson filed a written response as to the newly added claims. The court held a hearing where Jackson had the opportunity to respond to Nationstar's argument as to the newly added claims. Moreover, Jackson filed a written response to Nationstar's motion to dismiss. Jackson again argues that her written response was ineffective because she alleged new claims in her amended complaint, and Nationstar filed its motion to dismiss before she filed the amended complaint. However, as discussed above, she sought the same relief in both complaints, and Nationstar's motion to dismiss alleged that Jackson was not entitled to that relief pursuant to *Fireman's Fund*.

Jackson finally argues that the circuit court erred when it found that Arkansas law does not permit recovery for reimbursement of the mortgage payments she made following the fire. She asserts that "Nationstar's argument below missed the mark." Specifically, she recognizes the law pursuant to *Fireman's Fund* but claims that this case is distinguishable

because her mortgage agreement with Nationstar separately required it to apply the insurance proceeds to the mortgage.

However, as Nationstar points out in its brief, Jackson did not distinguish *Fireman's Fund* to the circuit court and assert that the mortgage agreement separately required Nationstar to apply the insurance proceeds. It is axiomatic that this court will not consider arguments raised for the first time on appeal. *Worden*, 2013 Ark. 509, 431 S.W.3d 243 (declining to consider the appellants' argument disputing the circuit court's grant of the appellees' motion to dismiss because the appellants neglected to raise the issue in the circuit court). If a particular theory was not presented at trial, the theory will not be reached on appeal. *See Ouachita Wilderness Inst., Inc. v. Mergen*, 329 Ark. 405, 947 S.W.2d 780 (1997).

In her amended complaint, Jackson claimed that she was entitled to reimbursement because Nationstar delayed applying the insurance proceeds to the mortgage while awaiting an affidavit from her when the mortgage agreement contained no requirement for an affidavit. At the hearing on Nationstar's motion to dismiss, Jackson argued that the court should not consider the motion to dismiss as to the newly added claims, asked the court for more time to respond, and again claimed that Nationstar arbitrarily required her to submit an affidavit. She did not distinguish *Fireman's Fund* and assert that a clause in the mortgage agreement separately required Nationstar to pay off the loan.[7] The trial court was not

---

[7]In her reply brief, Jackson acknowledges the rule that this court will not consider arguments made for the first time on appeal. However, she cites Eighth Circuit case law for the proposition that this court can consider arguments that are a narrow subset of a party's more general arguments. She alternatively argues, again citing Eighth Circuit case law, that this court has the discretion to consider arguments raised for the first time on appeal. We find her arguments unpersuasive.

afforded an opportunity to rule on this argument. Accordingly, Jackson's argument is not preserved for our review.

Affirmed.

HARRISON and KINARD, JJ., agree.

*David A. Hodges*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *Kimberly Wood Tucker* and *Seth R. Jewell*, for appellee.