Alice ELLIS *v.* John ELLIS, Administrator of the Estate of
Peter Ellis, Deceased, and Union Pacific Railroad

93-616                                                868 S.W.2d 83

Supreme Court of Arkansas
Opinion delivered January 10, 1994

*Virginia Atkinson*, by: *Roy Finch*, for appellant.

*Maxie G. Kizer, P.A.*, for appellee.

STEELE HAYS, Justice. Alice Ellis appeals from an order of the probate court rejecting her claim that settlement proceeds of a personal injury to her late husband were marital property. The probate court held the funds belonged to his estate, to be distributed pursuant to probate law. That ruling was correct.

Peter Ellis sustained personal injuries while employed by the Union Pacific Railroad. While settlement negotiations were underway Ellis died from unrelated causes, survived by Alice Ellis, the appellant. The matter was eventually settled for $50,000 and the funds were interpled in the probate proceeding.

Mrs. Ellis filed a motion alleging that none of the proceeds were attributable to permanent injury or future medical expenses and, having been acquired during the marriage, were marital property rather than an asset of the estate. That motion was denied and the proceeds were declared to be a part of the estate of Peter Ellis.

On appeal Mrs. Ellis urges us to hold that settlement pro-

ceeds from a personal injury incurred by one spouse during the marriage are marital property. Mrs. Ellis concedes there is no precedent for her theory, but argues that since no part of the proceeds were allocated to permanent disability or future medical expense, the proceeds come within the meaning of "marital property" as defined by Ark. Code Ann. § 9-12-315 (1987) and should be distributed accordingly. She insists it was error for the probate court to hold that § 9-12-315 applies only in the event of a divorce.

Probate cases are reviewed de novo on the record. However, the decision of the probate court will not be reversed unless it is clearly erroneous. *Looney* v. *Estate of Wade*, 310 Ark. 708, 839 S.W.2d 531 (1992).

The answer to the argument now asserted lies, of course, in the statute itself. The statute provides that for *"the purpose of this section,"* marital property shall be distributed one-half to each party at *"the time a divorce* decree is entered."* (Emphasis supplied.) Nothing in the statute suggests the legislature intended this provision to have any effect except with respect to divorce.

Mrs. Ellis suggests the law should not afford a surviving spouse a lesser interest in property acquired during marriage when the terminating event is death rather than divorce. But that may or may not be true. While the distributive share under probate law may not vary, the same cannot be said of the law of divorce, as the statute specifically empowers the chancellor to alter the distribution of marital property as the equities dictate.

Mrs. Ellis cites *Woods* v. *Woods*, 285 Ark. 175, 686 S.W.2d 387 (1985), as touching on the question presented by this appeal. Mrs. Woods went to New Mexico to establish residency for purposes of a divorce action. The court of New Mexico asserted jurisdiction over the marriage, but not over the person of the defendant, a resident of Arkansas. Mrs. Woods later brought an action in Arkansas for alimony and a division of property. Citing *Wood* v. *Wood*, 54 Ark. 172, 15 S.W. 459 (1891), we held that a subsequent action for alimony and property would lie, observing that the General Assembly had created a new form of property in 1979 as defined in § 9-12-315 and enforceable inde-

pendently of divorce. That holding recognizes an independent action for marital property between former spouses, but beyond that, it has little relevance to this case, as the underlying cause was still divorce and not distribution by reason of death. That opinion in no way implies that spousal rights in "marital property" are intended to have viability other than in divorce proceedings.

Mrs. Ellis also cites several other decisions, *Morris v. Cullipher*, 306 Ark. 646, 816 S.W.2d 878 (1991), *Bostic v. Bostic Estate*, 281 Ark. 167, 662 S.W.2d 815 (1984) and *Dickson v. Jonesboro Trust Co.*, 154 Ark. 155, 242 S.W.2d 57 (1922), as authority for the rule that personal property can be held by the entirety and pass to a surviving spouse by operation of law. True enough, but those cases involve facts and properties of a different sort. Mrs. Ellis's claim is distinguishable in that it is governed entirely by statute. Indeed, except for statute there would be no proceeds. At common law even the claim of Peter Ellis abated at his death. *Miller v. Nuckolls*, 76 Ark. 485, 89 S.W. 88 (1905). It is only by statute that such claims exist at all after the death of the injured party or, for that matter, the death of the tortfeasor. *Id.* It follows that those same statutes prescribe the terms and conditions of survival. Ark. Code Ann. § 16-62-101 (1987) addresses the survival of actions for injuries to the person or property of an individual where death is not the result of the wrongful act [*See* § 16-62-102 (1987)] and vests the surviving cause of action in an executor or administrator. The statute contemplates that any recovery thereunder belongs to the estate of the deceased.

In *Daughhetee v. Shipley*, 282 Ark. 596, 669 S.W.2d 886 (1984), we stated the heirs of a decedent had no standing to bring a lawsuit for damage to a truck belonging to the decedent after the decedent's death from unrelated causes. Since the heirs had no standing to bring the action, they cannot benefit directly from a recovery for such an action. Further, survival claims "seek compensation for injuries sustained by the decedent himself prior to death, and any recovery is for the benefit of the estate." *First Commercial Bank, N.A., Little Rock v. United States*, 727 F. Supp. 1300 (W.D. Ark. 1990).

Section 16-62-101 provides that the executor or

administrator shall bring the action and there is no provision which excludes any recovery from the assets of the estate. Thus, these statutes clearly provide that any recovery pursuant to § 16-62-101 belongs to the estate of the deceased. Similarly, any recovery from a settlement for an action which the executor or administrator would be required to bring is for the benefit of the deceased's estate. Since Mrs. Ellis could not bring the personal injury action, her claim to the proceeds of the settlement is by way of the estate.

For the reasons stated the order is affirmed.