Cite as 2021 Ark. App. 389

# ARKANSAS COURT OF APPEALS
### DIVISION II
### No. CV-20-626

| | |
|---|---|
| GERALDINE EPPS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MELISSA DENNIS AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOURNEE DENNIS<br>APPELLANT | **Opinion Delivered** October 20, 2021<br><br>APPEAL FROM THE OUACHITA COUNTY CIRCUIT COURT [NO. 52CV-19-262] |
| V. | HONORABLE DAVID F. GUTHRIE, JUDGE |
| OUACHITA COUNTY MEDICAL CENTER; ARKANSAS HEALTH GROUP; AND JOHNATHAN LEWIS, M.D.<br>APPELLEES | AFFIRMED |

## BART F. VIRDEN, Judge

Appellant Geraldine Epps, as personal representative of the estates of Melissa Dennis and Journee Dennis, appeals the Ouachita County Circuit Court's order dismissing with prejudice her complaint against appellees, Ouachita County Medical Center (OCMC); Arkansas Health Group; and Johnathan Lewis, M.D. Epps argues that the circuit court erred in its interpretation of Ark. Code Ann. § 16-62-101(a)(1) (Repl. 2005), and application of Arkansas Rules of Civil Procedure 15 and 17.

### I. *Background*

On October 19, 2017, Melissa Dennis, Epps's thirty-three-year-old daughter, went into labor with a high-risk pregnancy. After some alleged delay by the ambulance, Melissa

arrived at OCMC. Dr. Lewis examined Melissa, diagnosed placental abruption, and performed an emergency Caesarian-section. Melissa died October 20 of cardiopulmonary arrest due to internal bleeding. Her premature newborn daughter named Journee was flown to a hospital in Little Rock for care but died October 26.

On October 15, 2019, Epps was appointed special administrator of the estates of both Melissa and Journee for the purpose of pursuing a wrongful-death action. On October 18, Epps's lawyer filed a complaint that listed the plaintiffs as "The Estate of Melissa Dennis" and "The Estate of Journee Dennis" and listed as defendants the appellees and several John Does. In February 2020, appellees moved to dismiss the complaint with prejudice on the bases that the estates lacked standing to bring a wrongful-death suit and that the two-year statute of limitations for medical negligence had expired.

On March 13, 2020, Epps's lawyer filed an "amended" complaint naming Epps as the plaintiff in her capacity as the personal representative of both estates. Epps also responded to the motions to dismiss, arguing that her complaint was not filed as a wrongful-death action but rather a survival action, and she asserted that the survival statute, unlike the wrongful-death statute, does not require that a complaint be filed in the name of the executor or administrator of an estate. Epps requested that the amendment be allowed on the basis of her assertion that the nullity rule does not apply to survival actions.

On May 29, 2020, the circuit court granted appellees' motions to dismiss with prejudice. The circuit court found that the action was one for medical negligence and that the original complaint had been filed without standing under the survival statute and was therefore a nullity. The circuit court also found that the March 2020 amended complaint

2

was a new action that was time-barred by the two-year statute of limitations for medical negligence. Epps filed a timely notice of appeal from the circuit court's order.

## II. *Standard of Review*

In reviewing a circuit court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Worden v. Kirchner*, 2013 Ark. 509, 431 S.W.3d 243. In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id.*

The appellate courts review issues of statutory interpretation de novo. *Dachs v. Hendrix*, 2009 Ark. 542, 354 S.W.3d 95. The basic rule of statutory construction is to give effect to the intent of the legislature. *Id.* Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *Id.* No word is left void, superfluous, or insignificant. *Id.* The appellate courts, however, will not engage in statutory interpretations that defy common sense and produce absurd results. *Id.*

## III. *Discussion*

### A. Standing to Bring Survival Action

There are two causes of action that arise when a person's death is caused by the negligence of another: (1) a cause of action for the estate under the survival statute, Ark. Code Ann. § 16-62-101, and (2) a cause of action for the statutory beneficiaries under the wrongful-death statute, Ark. Code Ann. § 16-62-102 (Supp. 2021). The wrongful-death statute provides that "[e]very action shall be brought by and in the name of the personal

3

representative of the deceased person" and that "[i]f there is no personal representative, then the action shall be brought by the heirs at law of the deceased person." Ark. Code Ann. § 16-62-102(b). The survival statute reads as follows:

> For wrongs done to the person or property of another, an action may be maintained against a wrongdoer, and the action may be brought by the person injured or, after his or her death, by his or her executor or administrator against the wrongdoer or, after the death of the wrongdoer, against the executor or administrator of the wrongdoer, in the same manner and with like effect in all respects as actions founded on contracts.

Ark. Code Ann. § 16-62-101(a)(1).

Because a survival action, just as a wrongful-death action, is a creation of statute, it only exists in the manner and form prescribed by the statute. *Ramirez v. White Cnty. Cir. Ct.*, 343 Ark. 372, 38 S.W.3d 298 (2001). It is in derogation of the common law and must be strictly construed, and nothing may be taken as intended that is not clearly expressed. *Id.* The right to recover under the statute is dependent upon the complaining party bringing himself or herself within the terms of the statute, as construed by the appellate courts. *Id.*

Epps focuses on the "may be brought" language in section 16-62-101 and argues that the statute does not expressly state that the action must be filed in the name of the executor or administrator, as in the wrongful-death statute. She maintains that the legislature could have made the language in the survival statute mirror the language in the wrongful-death statute but that the legislature had not chosen to amend the survival statute. Epps asserts that the law requires only that survival claims be filed by the administrator, not that they be filed in the name of the administrator. She argues that she met the requirement of the statute because the estates had been created and she had been appointed personal representative before moving forward with the survival action. Epps contends that the "only

4

plausible conclusion is that [the survival action] was filed at the direction of the personal representative."

Both the Arkansas Supreme Court and the Arkansas Court of Appeals have previously interpreted Ark. Code Ann. § 16-62-101 to mean that only an administrator, an executor, or a personal representative can file a survival action.[1] In *St. Paul Mercury Insurance Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 73 S.W.3d 584 (2002), a pro se complaint was filed by the deceased's parents and some of the other heirs at law, with the exception of the deceased's daughter, who had been appointed administrator of her father's estate. Our supreme court stated that only the administrator could file a survival action but that she had not done so. The court held that the pro se plaintiffs were without standing and that their complaint was a nullity.

Here, there is no indication in the original complaint that the lawsuit was being brought by Epps, as *the personal representative* of the "Estate of Melissa Dennis" and the "Estate of Journee Dennis." We agree with the appellees that the survival statute is permissive in the sense that a survival action may be maintained, whereas, at common law, that action would have abated at the injured party's death. *See Ellis*, *supra*. It is not permissive in the sense that a survival action may be filed *by* anyone, *against* anyone. We hold that Epps's original complaint was a nullity because the "Estate of Melissa Dennis" and the "Estate of Journee Dennis" did not have standing to bring a survival action when Epps had been

---

[1]*Hubbard v. Nat'l Healthcare of Pocahontas, Inc.*, 371 Ark. 444, 447, 267 S.W.3d 573, 575 (2007); *Ellis v. Ellis*, 315 Ark. 475, 868 S.W.2d 83 (1994); *Arman v. CHI St. Vincent Hot Springs*, 2019 Ark. App. 187, at 7, 574 S.W.3d 731, 735; *Wilson v. Lincare, Inc.*, 103 Ark. App. 329, 332, 288 S.W.3d 708, 710 (2008); *Dachs*, *supra*; *Norton v. Luttrell*, 99 Ark. App. 109, 111, 257 S.W.3d 580, 581 (2007).

appointed special administrator or personal representative. By the time Epps attempted to file an "amended" complaint, the two-year medical-negligence statute of limitations had expired.

## B. Real Party in Interest and Relation-Back Doctrine

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest. Ark. R. Civ. P. 17(a).

Arkansas Rule of Civil Procedure 15(a) provides that, with the exception of pleading the defenses mentioned in Rule 12(h)(1), a party may amend his pleadings at any time without leave of the court. Further, Rule 15(c) provides that

> [a]n amendment of a pleading relates back to the date of the original pleading when:
>
> (1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (2) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (1) is satisfied and, within the period provided by Rule 4(i) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Ark. R. Civ. P. 15(c)(1) & (2).

Epps characterizes her failure to properly identify the plaintiff in this survival action as a typographical error and claims that she simply left off the magic words "Geraldine Epps,

as personal representative of." Epps asserts that allowing her to amend the complaint does not change the identity of the plaintiff—it just corrects a misnomer. Epps argues that she was put on notice by appellees' motions to dismiss that she had failed to fully identify the plaintiff and that she immediately amended her complaint to address the discrepancy in the name of the plaintiff. Epps argues that Rule 15 allows an amendment to fix the "mistyped" name of the plaintiff and that it relates back to the file date of the original complaint. She further argues that Rule 17 provides that the action should not have been dismissed due to an error in the plaintiff's name. Epps concedes that a complaint that is a nullity cannot be amended; however, she argues that no appellate court has extended *Byrd v. Tiner*, 81 Ark. App. 366, 101 S.W.3d 887 (2003), to survival actions.

In *Byrd*, a wrongful-death action involving an automobile accident, we affirmed the circuit court's dismissal of a complaint by "The Estate of Daisy Byrd" against the driver of the other car. This court held that the estate's request to amend the complaint to name the personal representative of the estate as the real party in interest constituted a new action for purposes of the three-year statute-of-limitations period. We noted that the complaint contained no language to indicate that it was being brought by, or in the name of, the personal representative of Byrd's estate; rather, it bore only the signature of counsel on behalf of the "Estate of Daisy Byrd, Deceased, Plaintiff." We concluded that Rules 15 and 17 did not apply to permit the amendment.

Similarly, in *St. Paul, supra*, in which the supreme court held that a complaint filed by plaintiffs who lacked standing was a nullity, the supreme court went on to say that, even if the complaint were not a nullity, the subsequent filing of an amended complaint

7

substituted entirely new plaintiffs—the deceased's parents had since been named special administrators—and, therefore, constituted a new suit subject to the two-year statute of limitations. The court concluded that the action would have been barred by the statute of limitations.

"It is well settled that where an action is brought in the name of a non-existing plaintiff, an amendment of complaint by substituting the proper party to the action as plaintiff will be regarded as the institution of a new action as regards the statute of limitations." *Bryant v. Hendrix*, 375 Ark. 200, 205, 289 S.W.3d 402, 406 (2008). Although Epps maintains that allowing the amendment would not change the identity of the plaintiff, it would change the plaintiff because, as the trial court noted, an estate is not a legal entity with standing to sue. Because Epps's original complaint was a nullity, the amended complaint cannot relate back to its filing date. Before the relation-back doctrine can apply, there must be pleadings to amend. *Rhuland v. Fahr*, 356 Ark. 382, 155 S.W.3d 2 (2004).

## C. Statute of Limitations for Nonmedical Claims

Epps raises as an alternative argument that some claims in her complaint should survive dismissal because they are not medical-malpractice claims, including count 1 (negligence of OCMC in the dispatch of an ambulance), count 8 (OCMC's negligent supervision and retention of Dr. Lewis), and count 9 (Arkansas Health Group's negligent supervision and retention of Dr. Lewis). Epps asserts that these claims do not involve professional medical services because one is simply dispatching an ambulance and the other is supervision and retention, which are ordinary management decisions. Epps further contends that, because the survival statute does not expressly provide a statute of limitations,

these counts fall under the general three-year statute of limitations in Ark. Code Ann. § 16-56-105 (Repl. 2005). Appellees argue that Epps cannot raise this argument for the first time on appeal. We agree and reject Epps's contention that there was an implicit ruling on this topic by the circuit court. *See Jones v. Ragland*, 293 Ark. 320, 737 S.W.2d 641 (1987).

In any event, Epps does not explain why counts 1, 8, and 9 do not fall within the Medical Malpractice Act and its broad and expansive definition of "medical injury." In Arkansas, a medical-malpractice action must be brought within two years of the date of the wrongful act complained of and no other time. Ark. Code Ann. § 16-114-203(a) & (b) (Repl. 2016). The Medical Malpractice Act applies to all causes of action for medical injury arising after April 2, 1979, including wrongful-death and survival actions arising from the death of a patient. *Hubbard*, *supra*. "Action for medical injury" means all actions against a medical-care provider, whether based in tort, contract, or otherwise, to recover damages on account of medical injury as defined in this section. Ark. Code Ann. § 16-114-201(1). "Medical injury" or "injury" means any adverse consequences arising out of or sustained in the course of the professional services being rendered by a medical-care provider to a patient or resident, whether resulting from negligence, error, or omission in the performance of such services. Ark. Code Ann. § 16-114-201(3).

All three defendants (the appellees) are medical-care providers, and the only injury alleged by Epps is a medical injury that resulted in the tragic deaths of Melissa Dennis and Journee Dennis. The Medical Malpractice Act is the sole remedy with respect to any action for medical injury against a medical-care provider. Ark. Code Ann. § 16-114-213. Here, all of Epps's claims were subsumed into a cause of action for medical malpractice with its two-

year statute of limitations. *See, e.g.*, *Valentine v. White Cnty. Med. Ctr.*, 2020 Ark. App. 565, 615 S.W.3d 729 (claims for medical negligence; ordinary negligence; civil liability under section 16-118-107—the crime victims' civil-liability statute for felonious conduct—deceptive trade practices and illegal actions against an elderly and disabled person; breach of fiduciary duty; and wrongful death were all subsumed into a cause of action for medical malpractice).

Affirmed.

ABRAMSON and HIXSON, JJ., agree.

*The Firm, PLLC*, by: *S.L. Smith*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *T. Michelle Ator*, *Joshua C. Ashley*, and *Jordan Broyles*, for separate appellee Ouachita County Medical Center.

*Wright, Lindsey & Jennings LLP*, by: *David P. Glover*, *Gary D. Marts, Jr.*, and *Jennifer L. Smith*, for separate appellees Arkansas Health Group and Johnathan Lewis, M.D.