Cite as 2022 Ark. App. 46

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CV-20-252

| | |
|---|---|
| CITY OF FORT SMITH, ARKANSAS<br>APPELLANT<br><br>V.<br><br>GARY OSBORNE AND DONNA OSBORNE<br>APPELLEES | Opinion Delivered FEBRUARY 2, 2022<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NO. 17CV-19-530]<br><br>HONORABLE MICHAEL MEDLOCK, JUDGE<br><br>REVERSED AND REMANDED |

## ROBERT J. GLADWIN, Judge

The City of Fort Smith (hereinafter "Fort Smith"), Arkansas, appeals the January 17, 2020 order of dismissal entered by the Crawford County Circuit Court in favor of Gary Osborne and Donna Osborne[1] (collectively with the Gills/Gill Trust and Crabtrees, hereinafter "Landowners"). Fort Smith argues that the circuit court committed reversable error in finding that Fort Smith was required to proceed pursuant to the delegation of

---

[1]Two cases involving identical issues, *City of Fort Smith, Arkansas v. Gill* (Crawford County Circuit Court case Nos. 17CV-19-541 and CV-20-255) and *City of Fort Smith, Arkansas v. Crabtree* (Crawford County Circuit Court case Nos. 17CV-19-531and CV-20-313) were closed and consolidated with this one on the unopposed motion of Fort Smith on June 3, 2020. The three cases from which these appeals were taken were not filed as takings of specific property. The Osborne farm identified in Fort Smith's Application consists of eighty acres of ancestral property on which the Osbornes reside and raise livestock. The Crabtree and Gill Trust farms are located on Arkansas River bottom land used for growing and harvesting row crops including beans, corn, and melons throughout the relevant growing seasons. The Osbornes are the only Landowners who filed a brief in this consolidated appeal.

eminent-domain authority under Ark. Code Ann. §§ 18-15-601 et seq. (Repl. 2015) (hereinafter "Subchapter 6") rather than the statutory scheme codified at Ark. Code Ann. §§ 18-15-301 et seq. (Repl. 2015) (hereinafter "Subchapter 3"). We agree; accordingly, we reverse and remand.

## I. *Facts and Procedural History*

Fort Smith owns and operates a waterworks system including a water reservoir and treatment facility in Mountainburg, Crawford County, Arkansas. Fort Smith is engaged in the phased construction of a new forty-eight inch treated-water transmission line replacing portions of the transmission line constructed in the 1930s to deliver water into the city of Fort Smith. The underlying actions regarding the Landowners' properties specifically involves the engineering and planning for the construction of the third phase of the forty-eight-inch treated-water transmission line.

Fort Smith commenced the actions in the Crawford County Circuit Court by filing "Applications/Petitions for Exercise of Power of Eminent Domain" (hereinafter "Applications") to acquire from Landowners certain temporary rights of entry onto and access to their respective real properties for the purpose of evaluating the properties by surveying, soil testing, and appraising them as potential locations for the forty-eight-inch water-transmission line.[2] In the Applications, Fort Smith expressly proceeded pursuant to the delegation of eminent-domain authority pursuant to Subchapter 3.

---

[2]The Applications were filed on the following dates: August 26, 2019 (Osbornes & Crabtrees); and August 27, 2019 (Gill Trust).

Fort Smith sought the right to access any and all of the Landowners' farms at any time during the eighteen-month time period provided in the Applications. Further, Fort Smith estimated that the burden on each of the Landowners' properties, which range in size from eighty to 327 acres, was worth $100 plus $50 for each bore drilled or pit opened on each of the Landowners' properties.

All three Landowners filed answers to Fort Smith's Applications, subject to motions to dismiss that were filed on the same day on two grounds: first, they argued that Fort Smith was proceeding under the wrong statutory scheme, having specifically chosen Subchapter 3 rather than Subchapter 6; and second, that even if Fort Smith was correct in choosing Subchapter 3, it had failed to follow the procedures mandated by that subchapter.

On October 8, Fort Smith filed "Responses to Landowners' Motions to Dismiss," and on October 10, Landowners filed replies to Fort Smith's responses. Two of the cases, CV-20-252 (Osborne) and CV-20-255 (Gill Trust), were assigned to Judge Medlock, who conducted a hearing on December 4, 2019, after which he issued a letter ruling on January 2, 2020, finding "that a 'waterworks' condemnation proceeding must be brought under Ark. Code Ann. § 18-15-601 et seq. [Subchapter 6] and the requirements therein must be complied with." He entered an order on January 17 dismissing Fort Smith's actions brought pursuant to Subchapter 3 finding that "[s]ince this project is for water supply, . . . any condemnation proceeding *must be* in accordance with [Subchapter 6]." (Emphasis added.) On January 27, Fort Smith timely filed a notice of appeal.

The other case, CV-20-313 (Crabtree), was assigned to Judge Cottrell, who likewise conducted a hearing and entertained arguments and statements of counsel on February 12,

3

2020. After due consideration, he agreed with Judge Medlock's reasoning and likewise dismissed the case in a virtually identical order filed on February 15. Fort Smith filed a timely notice of appeal of that order on March 6, 2020.

## II. *Standard of Review*

The appellate courts review issues of statutory interpretation de novo. *Epps v. Ouachita Cty. Med. Ctr.*, 2021 Ark. App. 389, at 3, 636 S.W.3d 787, 790. The basic rule of statutory construction is to give effect to the intent of the legislature. *Id.* Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *Id.* The court of appeals gives no deference to the circuit court with respect to matters of law. *Morris v. Clark*, 2018 Ark. App. 73, at 2, 542 S.W.3d 191, 193.

## III. *Discussion*

In support of its proposition that the circuit court's dismissals of its Applications are contrary to established Arkansas municipal eminent-domain law, Fort Smith quotes the supreme court in *City of Benton v. Alcoa Road Storage, Inc.*, 2017 Ark. 78, at 3, 513 S.W.3d 259, 261:

> The cardinal rule of statutory construction is to effectuate the legislative will. *E.g.*, *Roeder v. United States*, 2014 Ark. 156, 432 S.W.3d 627. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *E.g.*, *Woodrome v. Daniels*, 2010 Ark. 244, 370 S.W.3d 190. When the language of the statute is plain and unambiguous, conveying a clear and definite meaning, we need not resort to the rules of statutory construction. *E.g.*, [*Carmody v.*] *Raymond James Fin. Servs., Inc.*, 373 Ark. 79, 281 S.W.3d 721 (2008).

4

Subchapter 3, under which Fort Smith specifically filed its Applications, provides a delegation to municipalities of the power of eminent domain for waterworks purposes. Subsections 18-15-301(a), (b)(1) and (e)(4) provide:

(a) The right and power of eminent domain is conferred upon municipal corporations to enter upon, take, and condemn private property for the construction of wharves, levees, parks, squares, market places, or other lawful purposes.

(b)(1) For waterworks systems, it shall be no objection to the exercise of power that the property to be condemned is located in a different county from the municipal corporation.

. . . .

(e) As used in this section:

. . . .

(4) "Or other lawful purposes" includes a waterworks system . . . in its entirety, or any integral part thereof or any extension, addition, betterment, or improvement to an existing waterworks system . . . owned or operated by a municipal corporation.

Subchapter 3 plainly provides that the Arkansas General Assembly delegates the power of eminent domain to municipal corporations for a waterworks system and, significantly, under subsection (b)(1), provides that eminent-domain power for a waterworks system may be exercised as to property "located in a different county from the municipal corporation."

Moreover, in 2005, the Arkansas Supreme Court specifically recognized the right of municipalities "to exercise the right of eminent domain in operation of waterworks and associated operations . . . granted in subchapters 3, 4, and 6 of title 18, chapter 15 of the Arkansas Code." *City of Fort Smith v. Carter*, 364 Ark. 100, 110, 216 S.W.3d 594, 600 (2005). We find merit in Fort Smith's argument that the circuit court's finding that Subchapter 6 provides the *exclusive* authorization for waterworks eminent-domain actions

5

by municipalities "falls on its face" in light of the plain wording of both the relevant legislative enactments and the supreme court's declaration in *Carter*.[3] Accordingly, we reverse the dismissals in all three cases and remand for further proceedings consistent with this opinion.

Reversed and remanded.

VIRDEN and WHITEAKER, JJ., agree.

*Daily & Woods, P.L.L.C.*, by: *Jerry L. Canfield* and *Colby T. Roe*, for appellant.

*Lonnie C. Turner*; *Hardin, Jesson & Terry, PLC*, by: *Rex M. Terry*; and *Lyons & Cone, PLC*, by: *Jim Lyons*, for appellees.

---

[3]Fort Smith notes that the interpretation of a statute by the appellate courts becomes a part of the statute itself. *McCutchen v. City of Fort Smith*, 2012 Ark. 452, at 19, 425 S.W.3d 671, 682–83.