Cite as 2025 Ark. App. 350

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-24-146

| | |
|---|---|
| KIMBERLY RULOPH<br><br>APPELLANT<br><br>V.<br><br>LAMMICO D/B/A LAMMICO RISK MANAGEMENT RETENTION GROUP, INC.; AND ROBERT A. IRWIN, M.D.<br>APPELLEES | Opinion Delivered June 4, 2025<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FCV-22-33]<br><br>HONORABLE R. GUNNER DELAY, JUDGE<br><br><br>AFFIRMED |

**RAYMOND ABRAMSON, Judge**

Kimberly Ruloph appeals from an order of the Sebastian County Circuit Court granting the motion to dismiss filed by appellees LAMMICO[1] and Robert Irwin, M.D. On appeal, Ruloph argues that the circuit court erred in determining that her claims were based on a medical injury rather than ordinary negligence. We affirm.

I. *Factual Background*

According to Ruloph's first amended and substituted complaint, on April 15, 2018, Ruloph was walking in her church parking lot in Paris, Arkansas, when she fell and

---

[1]LAMMICO is the liability insurer of Washington Regional Medical Center (WRMC). WRMC is a not-for-profit medical center and is not subject to suit under tort law. Under Ark. Code Ann. § 23-79-210 (Repl. 2014), LAMMICO, as the liability insurer, is subject to any liability of WRMC.

dislocated her knee. Observers called 911, and Logan County Emergency Medical Services (EMS) responded at around 11:00 a.m., within ten minutes of the initial fall. EMS noted that Ruloph had lost a pulse in her injured leg below the knee. With this type of injury, there is a six-hour window for restoration of blood flow to the lower leg to prevent amputation. EMS contacted the Arkansas Trauma Call Center (ATCC) to determine where to take Ruloph for the best treatment. The ATCC recommended that Ruloph be taken to Mercy Hospital (Mercy) in Sebastian County because it had the closest vascular surgeon capable of treating the knee dislocation.

At 12:09 p.m., Ruloph arrived at Mercy and was admitted at 12:12 p.m. Following Ruloph's admission, doctors were able to set Ruloph's dislocated knee but were unable to perform the necessary surgery to restore blood flow to her leg below the knee. Accordingly, Mercy contacted ATCC at 1:12 p.m. and was informed that WRMC had a peripheral vascular surgeon on hand. Dr. Irwin, an emergency-room physician at WRMC, spoke to the Mercy official. After receiving Ruloph's medical history, including the fact that she had a pulseless lower leg, Dr. Irwin accepted Ruloph's transfer. Only a physician is authorized to accept the transfer of a patient. Ruloph left Mercy via ambulance at 2:55 p.m. en route to WRMC in Fayetteville.

Once Ruloph was en route to WRMC, WRMC's vascular surgeon was contacted, and after reviewing Ruloph's medical information and imaging, the surgeon determined that he/she did not have the requisite ability to treat Ruloph's condition and recommended that Ruloph be sent to another facility. While Ruloph was still en route, it was determined that

2

Ruloph should be taken by air ambulance to Mercy hospital in Springfield, Missouri, where a peripheral vascular surgeon was available. Immediately upon arrival at WRMC, Ruloph was airlifted and arrived at Mercy Springfield at 5:55 p.m. By the time Ruloph underwent surgery by a peripheral vascular surgeon, it was too late to save her leg, and she received an above-the-knee amputation.

## II. *Procedural History*

Ruloph initially brought suit against LAMMICO and Irwin[2] in the United States District Court for the Western District of Arkansas under the Emergency Medical Treatment and Active Labor Act (EMTALA) and also asserted corresponding state claims. The federal district court granted summary judgment on the EMTALA claim and dismissed without prejudice Ruloph's remaining state-law claims on jurisdictional grounds. On March 24, 2021, Ruloph then sued appellees LAMMICO and Dr. Irwin in the Washington County Circuit Court claiming, in part, that LAMMICO had failed to properly report and update ATCC regarding its current ability to provide the service of a peripheral vascular surgeon and that it and Dr. Irwin had negligently accepted Ruloph's transfer without ascertaining or attempting to ascertain whether a peripheral vascular surgeon was available to treat Ruloph's condition upon admission. Nearly a year later, on January 19, 2022, Ruloph commenced suit against Mercy Fort Smith and its clinic in the Sebastian County Circuit Court.[3] In early

---

[2]She also sued Mercy Fort Smith and its clinic, which are not parties to this appeal.

[3]Ruloph's claims against Mercy Fort Smith and its clinic are still pending in the Sebastian County Circuit Court.

2023, Ruloph voluntarily nonsuited her action in Washington County and added LAMMICO and Irwin as defendants in her Sebastain County action. At this point, Ruloph amended her complaint to allege only ordinary negligence against LAMMICO and Dr. Irwin. Ruloph also alleged that LAMMICO was vicariously liable for Dr. Irwin's actions.

In the Sebastian County Circuit Court, LAMMICO and Dr. Irwin moved to dismiss, arguing that the statute of limitations on the medical-injury claims had run or, in the alternative, that venue was not appropriate in Sebastian County under Ark. R. Civ. P. 12(b)(3). Specific to the venue argument, these defendants asserted that because Ruloph's claims against them were actually claims for medical injury and not ordinary negligence, Ark. Code Ann. § 16-60-105 (Supp. 2023) required that those claims be brought in the county in which the alleged act or omission occurred. Because the alleged negligence of Dr. Irwin and WRMC undisputedly occurred in Washington County, venue could only lie in Washington County.

In support of their assertion that the claims against LAMMICO and Dr. Irwin were claims of medical injury, they presented an affidavit from Heather Beauford, trauma program manager at WRMC, that stated that only a medical doctor could accept a transfer of a patient. Additionally, LAMMICO and Dr. Irwin also presented evidence that Dr. Irwin was the physician who had accepted Ruloph's transfer.

The Sebastian County Circuit Court held a hearing on the issues of statute of limitations and venue. At the hearing, Ruloph's counsel conceded that if the court found Ruloph suffered a medical injury, then Sebastian County would not be the appropriate

4

venue to pursue a claim against LAMMICO and Dr. Irwin. Two days after the hearing, Ruloph's counsel wrote a letter to the circuit court stating that the case law relied on to determine that Arkansas Code Annotated section 16-60-101(e) did not encompass claims of medical injury predated the 2015 revisions to the venue statute.

Ultimately, the Sebastian County Circuit Court granted LAMMICO and Dr. Irwin's motion to dismiss. The court first noted Ruloph's initial concession that if her claims against LAMMICO and Dr. Irwin were found to be claims for medical injury, Sebastian County would not be the proper venue. It then proceeded to detail the allegations in Ruloph's complaint and determined that Ruloph "had clearly alleged her injuries arose out of professional services rendered by LAMMICO/WRMC and Irwin, both of whom are medical providers." As such, the court concluded that section 16-60-105 was the controlling statute and that the claims against these defendants were to be transferred back to Washington County pursuant to Arkansas Rule of Civil Procedure 12(h)(3). Ruloph did not contest the court's finding that she conceded this argument.[4] This appeal followed.

III. *Standard of Review*

When reviewing a circuit court's order granting a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Biedenharn v. Thicksten*, 361 Ark. 438, 206 S.W.3d 837 (2005). In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in the plaintiff's

---

[4]The Sebastian County Circuit Court attached a Rule 54(b) certificate, giving this court jurisdiction to hear the appeal

5

favor. *Id.* at 441, 206 S.W.3d at 840. Our rules, however, require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Ballard Grp., Inc. v. BP Lubricants USA, Inc.*, 2014 Ark. 276, at 6, 436 S.W.3d 445, 449 (citing Ark. R. Civ. P. 8(a) (2013)); *Kennedy v. Ark. Parole Bd.*, 2017 Ark. 234, at 3–4. Moreover, we treat only the facts alleged in the complaint as true but not a plaintiff's theories or speculation. *Brown v. Towell*, 2021 Ark. 60, at 6, 619 S.W.3d 17, 20. Finally, we consider questions of law de novo. *See Tucker v. Sullivant*, 2010 Ark. 170, 370 S.W.3d 812; *Ahmad v. Beck*, 2016 Ark. 30, at 5, 480 S.W.3d 166, 169.

When venue is questioned, however, the party objecting to venue has the burden of demonstrating that venue is improper. *Helm v. Mid-Am. Indust., Inc.*, 301 Ark. 521, 785 S.W.2d 209 (1990). If an objection to venue is not substantiated by the pleadings, the objecting party has the duty to produce evidence showing that venue is not proper. *Roller v. TV Guide Online Holdings, LLC*, 2013 Ark. 285.

IV. *Venue Statute*

The two venue statutes at issue are Ark. Code Ann. §§ 16-60-101 and -105 (Supp. 2023). Section 16-60-101 is the general statute concerning venue. Under this section, venue is appropriate in the "county in which a substantial part of the event or omission giving rise to the cause of action occurred." Ark. Code Ann. § 16-60-101(a)(1). Under this general venue statute, if the underlying claim falls under ordinary negligence, then venue is appropriate in Sebastian County. Section 16-60-105, however, is the specific venue statute for actions for

6

damages for medical injury. Under this section, venue is appropriate only in the county "in which the alleged act or omission occurred." Ark. Code Ann. § 16-60-105.

Ruloph argues that, because her claims against LAMMICO and Dr. Irwin are ordinary-negligence claims, Sebastian County was the appropriate venue.[5] LAMMICO and Dr. Irwin assert that her claims are medical-injury claims and that Washington County is the appropriate venue. Thus, the issue, as presented to us, is whether Ruloph's claims are grounded in ordinary or medical negligence.[6]

## V. *Medical Injury*

An action for a medical injury includes all actions against "a medical provider, whether based in tort, contract, or otherwise, to recover damages on account of medical

---

[5]At the pretrial hearing, Ruloph initially conceded that if the circuit court held that she suffered a medical injury, then Sebastian County was the improper venue for her case. While Ruloph did write to the circuit court after the hearing stating that case law had not determined whether section 16-60-101(e) applies to medical-negligence claims, Ruloph has consistently argued that her claims stem from ordinary negligence, not from medical negligence.

[6]We recognize that the 2015 revisions to the venue statutes added a catch-all provision when there are multiple defendants in a suit. Specifically, section 16-60-101(e) states that "[w]hen venue is proper as to one (1) defendant, it is also proper as to any other defendant with respect *to all causes of action* arising out of the same transaction or occurrence." (Emphasis added.) The parties have not argued on appeal whether this subsection encompasses actions involving concurrent malpractice by multiple defendants in different counties. *See* 2 David Newbern, John Watkins & D.P. Marshall Jr., *Arkansas Civil Practice & Procedure* § 9:8 (5th ed. 2011) (opining that in cases of "concurrent malpractice by multiple defendants in different counties, venue is proper as to all defendants in one of the counties"). As a result, we express no opinion on the appropriateness of venue under this theory.

7

injury as defined in this section." Ark. Code Ann. § 16-114-201(1) (Repl. 2016). A "medical injury" is defined as:

> Any adverse consequences arising out of or sustained in the course of the professional services being rendered by a medical care provider to a patient or a resident, *whether resulting from negligence, error, or omission in the performance of such services*; or from rendition of such services without informed consent or in breach of warranty or in violation of contract; or from failure to diagnose; or from premature abandonment of a patient or of a course of treatment; or from failure to properly maintain equipment or appliances necessary to the rendition of such services; or *otherwise arising out of or sustained in the course of such services*.

Ark. Code Ann. § 16-114-201(3) (emphasis added).

Ruloph alleges that the care provided constitutes ordinary negligence rather than medical negligence because any negligence by LAMMICO and Irwin was administrative in nature, not part of normal medical duties. Specifically, Ruloph alleges (1) that LAMMICO was negligent by providing false information to ATCC; (2) that Irwin was negligent as a result of his failure to confirm that the necessary peripheral vascular surgeon was on duty before accepting Ruloph's transfer; and (3) LAMMICO is secondarily liable for Irwin's negligence.

Under current case law, in order to constitute a "medical injury" under the Medical Malpractice Act, the injury must be the result of (1) a professional service, (2) a doctor's treatment or order, or (3) a matter of medical science. *Paulino v. QHG of Springdale, Inc.*, 2012 Ark. 55, at 9–10, 386 S.W.3d 462, 467. Without question, fondling a patient, *McQuay v. Guntharp*, 336 Ark. 534, 986 S.W.2d 850 (1999); unethically sharing private medical information, *Wyatt v. St. Paul Fire & Marine Ins. Co.*, 315 Ark. 547, 868 S.W.2d 505 (1994); and failing to interfere in a workplace affair, *Howard v. Ozark Guidance Ctr.*, 326 Ark. 224,

930 S.W.2d 341 (1996) are not the result of professional service, a doctor's treatment or order, or a matter of medical science. Likewise, medical credentialing is performed outside of normal medical duties; in fact, one does not even have to be a licensed, practicing doctor to vote on credentialing in the state of Arkansas.[7] *Paulino*, 2012 Ark. 55, 386 S.W.3d 462. Finally, a failure to supervise a patient is outside the scope of medical services if the lack of supervision does not cross with a doctor's treatment or order. *Bailey v. Rose Care Ctr.*, 307 Ark. 14, 817 S.W.2d 412 (1991); *but see Sexton v. St. Paul Fire & Marine Ins. Co.*, 275 Ark. 361, 631 S.W.2d 270 (1982) (failure to provide a safety vest was a medical injury because it required a doctor's orders, even if the doctor then left its use up to the nursing staff). In sum, a medical injury is one that holds, "at its genesis, a decision to pursue a method of treatment, care, or course of medical action relating to a specific patient." *Paulino*, 2012 Ark. 55, at 10, 386 S.W.2d at 467.

As a preliminary matter, LAMMICO's liability for the incorrect information provided to ATCC regarding whether a peripheral vascular surgeon was on duty is not the result of a medical injury. This situation is almost identical to the credentialing issue found in *Paulino*. Like in *Paulino*, a patient may be affected by the decision to inform ATCC that a doctor was available. However, providing information to ATCC is not inherently a medical decision

---

[7]Two members of the fifteen-member Arkansas Medical Board can be individuals who are not actively engaged in the practice of medicine. *See* Arkansas State Medical Board, *History of the Board*, https://www.armedicalboard.org/About.aspx (last viewed Apr. 30, 2025).

because it does not occur with any specific patient in mind. Accordingly, LAMMICO's primary liability for the incorrect information provided to ATCC is a claim of ordinary negligence.

The inquiry does not end there, however. Ruloph also claims that LAMMICO is vicariously liable for Dr. Irwin's actions. On its face, the facts pleaded in Ruloph's first amended and substituted complaint support the finding that Ruloph suffered a medical injury. Ruloph avers that Dr. Irwin, acting in his role as a physician, was first informed of the nature of Ruloph's injury and her medical status, including the fact that Ruloph had a pulseless lower left leg. Following receipt of this information, Dr. Irwin accepted Ruloph's transfer to WRMC. Dr. Irwin's acceptance of Ruloph's transfer was "a decision to pursue a method of treatment, care, or course of medical action relating to a specific patient." Accordingly, even on the face of the pleadings, Ruloph pleaded a claim of medical malpractice against Dr. Irwin for his acceptance of Ruloph's transfer. Ruloph asserts that LAMMICO is vicariously liable for Dr. Irwin's alleged medical malpractice in accepting Ruloph's transfer.

LAMMICO and Dr. Irwin provided additional proof that Ruloph's claim is one for a medical injury. Specifically, they provided an affidavit from Heather Beauford, WRMC's trauma program manager, that stated only a medical doctor could accept a transfer of a patient. The fact that only a physician can accept the transfer of a patient makes the instant case more like *Sexton*. In *Sexton*, the court relied on the fact that the safety vest needed could be prescribed only by a physician, even if the physician left its use up to the discretion of

10

another. Similarly, only a physician could authorize Ruloph's transfer, even if that physician was not the one to treat Ruloph upon her arrival. LAMMICO and Dr. Irwin also provided the medical transfer form, signed by all parties, that lays out the medical dangers of Ruloph's transfer and that Ruloph's medical information had been shared with WRMC. Accordingly, Ruloph has pleaded a claim for medical injury against Dr. Irwin and, vicariously, against LAMMICO.

Finally, Ruloph claims that Dr. Irwin was also negligent in failing to ascertain whether the vascular surgeon at WRMC was one who could treat Ruloph's specific injury. Even if this claim were one of ordinary negligence, it would be subsumed into the medical-negligence claim for purposes of determining venue. *See, e.g.*, *Epps v. Ouachita Cnty. Med. Ctr.*, 2021 Ark. App. 389, at 10, 636 S.W.3d 787, 793 (holding that all of Epps's claims were subsumed into a cause of action for medical malpractice); *Valentine v. White Cnty. Med. Ctr.*, 2020 Ark. App. 565, 615 S.W.3d 729 (claims for medical negligence; ordinary negligence; civil liability under section 16-118-107 (the crime victims' civil-liability statute for felonious conduct); deceptive trade practices and illegal actions against an elderly and disabled person; breach of fiduciary duty; and wrongful death were all subsumed into a cause of action for medical malpractice). Likewise, LAMMICO's vicarious liability on the medical-malpractice claim against Dr. Irwin also subsumes the ordinary-negligence claim against LAMMICO for failing to ensure that the ATCC information was accurate.

VI. *Dismissal with Prejudice*

11

LAMMICO and Dr. Irwin argue that if the circuit court's decision to dismiss due to improper venue is affirmed, any dismissal of the claims against LAMMICO and Dr. Irwin must be with prejudice. Ruloph had the "election to either plead further or to appeal [the circuit court's] decision." *Orr v. Hudson*, 2010 Ark. 484, at 6, 374 S.W.3d 686, 691. Accordingly, because we affirm the circuit court's decision to dismiss due to lack of venue, the dismissal is rendered with prejudice. *See, e.g., id.*; *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 362 Ark. 598, 210 S.W.3d 101 (2005).

VII.  *Conclusion*

For the reasons discussed, Ruloph's claims against LAMMICO and Dr. Irwin are either medical-negligence claims or are subsumed by a medical-negligence claim for the purpose of determining the proper venue. Accordingly, because the only argument before us is whether Ruloph's claims are medical-negligence claims governed by section 16-60-105, we affirm the decision of the circuit court. Because we affirm the decision of the circuit court, we dismiss the claims against LAMMICO and Irwin with prejudice.

Affirmed.

THYER agrees.

HIXSON, J. concurs.

**KENNETH S. HIXSON, Judge, concurring**. I agree with the disposition of the majority opinion wherein it affirmed the order of the circuit court; however, I would reach the disposition of the venue issue differently, and therefore, I concur.

12

We start by analyzing the two venue statutes at issue in this case—Arkansas Code Annotated sections 16-60-101 and 16-60-105 (Supp. 2023). The general venue statute is found at Arkansas Code Annotated section 16-60-101, which provides the following:

> (a) A civil action other than a civil action mentioned in §§ 16-60-102-16-60-109, 16-106-101, and specific venue provisions codified in another title of the Arkansas Code shall be brought in any of the following counties:
>
> (1) The county in which a substantial part of the event or omission giving rise to the cause of action occurred;
>
> (2)(A) The county in which an individual defendant resided at the time of the event or omission giving rise to the cause of action.
>
> (B) If the defendant is an entity other than an individual, the civil action shall be brought in the county where the entity had its principal office in this state at the time of the event or omission giving rise to the cause of action; or
>
> (3)(A) The county in which the plaintiff resided at the time of the event or omission giving rise to the cause of action.
>
> (B) If the plaintiff is an entity other than an individual, the civil action shall be brought in the county where the plaintiff had its principal office in this state at the time of the event or omission giving rise to the cause of action.

In other words, venue for ordinary negligence actions is dictated by section 16-106-101(a). Section 16-106-101(a), however, specifically excludes actions for medical injuries that are governed by Arkansas Code Annotated section 16-60-105.

Section 16-60-105 states that "[a] civil action for medical injury brought under § 16-114-201 et seq. against a medical care provider, as defined in § 16-114-201, shall be filed in the county in which the alleged act or omission occurred." An action for a medical injury includes all actions against "a medical provider, whether based in tort, contract, or otherwise,

13

to recover damages on account of medical injury as defined in this section." Ark. Code Ann. § 16-114-201(1) (Repl. 2016). A "medical injury" is defined as

> any adverse consequences arising out of or sustained in the course of the professional services being rendered by a medical care provider to a patient or a resident, whether resulting from negligence, error, or omission in the performance of such services; or from rendition of such services without informed consent or in breach of warranty or in violation of contract; or from failure to diagnose; or from premature abandonment of a patient or of a course of treatment; or from failure to properly maintain equipment or appliances necessary to the rendition of such services; or otherwise arising out of or sustained in the course of such services.

Ark. Code Ann. § 16-114-201(3).

Clearly, when there is a singular defendant, the question of venue is resolved by answering whether the conduct complained of below sounds in ordinary negligence as contemplated in section 16-106-101(a) or medical injury as contemplated in section 16-60-105. In other words, if Ruloph's amended complaint complained of ordinary negligence against the Washington County residents LAMMICO and Dr. Irwin, then venue would be proper in either Washington County or Sebastian County under subsection (a). And, if Ruloph's amended complaint complained of medical negligence against the Washington County residents LAMMICO and Dr. Irwin, then venue would be proper only in Washington County under section 16-106-105. Here, however, Ruloph alleged that LAMMICO's and Dr. Irwin's conduct constituted both ordinary negligence *and* medical negligence. When a complaint alleges both ordinary negligence and medical negligence, then all claims are subsumed into the claim for medical injury for purposes of determining venue. *See Epps v. Ouachita Cnty. Med. Ctr.*, 2021 Ark. App. 389, at 10, 636 S.W.3d 787,

14

793 (citing *Valentine v. White Cnty. Med. Ctr.*, 2020 Ark. App. 565, at 3, 615 S.W.3d 729, 731). But, we have yet another wrinkle in the venue puzzle. LAMMICO and Dr. Irwin are not the only defendants.

Here, Ruloph filed her amended complaint against Mercy Hospital Fort Smith and Mercy Clinic Fort Smith Communities (principal place of business is in Sebastian County) and LAMMICO and Dr. Irwin (residents of Washington County) for ordinary negligence *and* medical negligence that occurred in both Sebastian *and* Washington Counties, *and* it was the cumulative negligence that proximately caused Ruloph's injuries. Ruloph further alleged that venue of her cause of action against Mercy Hospital Fort Smith and Mercy Clinic Fort Smith Communities (collectively "Mercy Defendants") was proper in Sebastian County under either subsection (a)(1) or subsection (3).[1] No one disputes that fact, and Ruloph's cause of action against the Mercy Defendants was still pending when the circuit court dismissed Ruloph's causes of actions against LAMMICO and Dr. Irwin.

That begs the question: when there are multiple defendants causing cumulative negligence in multiple counties, in which county is venue proper? Is venue determined against each party separately, and a plaintiff forced to file separate suits against multiple

---

[1]Section 16-60-101(a)(1) states venue is proper because "the county in which a substantial part of the event or omission giving rise to the cause of action occurred" was in Sebastian County. Even though Ruloph alternatively stated that subdivision (a)(3), from the context of the paragraph, she meant to refer to subdivision (a)(2)(B). Subdivision (a)(2)(B) provides that venue is proper because if the defendant is an entity other than an individual, the civil action shall be brought in Sebastian County where the entity had its principal office in this state at the time of the event or omission giving rise to the cause of action.

defendants in separate counties?  Surely that cannot be the answer since it would constitute a grossly ineffective mistreatment of judicial economy.  If that were the case, then the plaintiff would be forced to simultaneously file and prosecute a negligence lawsuit against the Mercy Defendants in Sebastian County and, at the same time, file and prosecute a negligence lawsuit against LAMMICO and Dr. Irwin in Washington County for the same injuries and damages.  That is unworkable.  That is where the confusion lies in this case, and that was apparently the finding of the circuit court as urged by LAMMICO and Dr. Irwin.  The answer to the question of proper venue under these circumstances is not found in section 16-60-101(a) or -105; rather, the answer lies in Arkansas Code Annotated section 16-60-101(e).

Ruloph set forth the following venue allegation in her amended complaint:

> 8.  The claims alleged herein are based upon an injury sustained by [Ruloph] as a direct and continuous course of conduct on the part of the Defendants herein. Each Defendants' acts and omissions, culminating in [Ruloph's] injury, were interrelated and jointly operative, and therefore are elements of the same transaction [or] occurrence.  Venue of this Court is to Mercy and Clinics is proper, and therefore pursuant to Ark. Code Ann. § 16-60-601(e), venue is proper as to LAMMICO and Irwin.

Ruloph's allegations as to venue were accurate. The 2015 revisions to the venue statutes added a catch-all when there are multiple defendants in a suit.  Specifically, section 16-60-101(e) states that "[w]hen venue is proper as to one (1) defendant, it is also proper as to any other defendant with respect *to all causes of action* arising out of the same transaction or occurrence."  (Emphasis added.)  Even though section 16-60-101(a) excludes actions for medical injury under section 16-60-105, section 16-60-101(e) does not.  Accordingly,

subsection (e) applies to *both* ordinary negligence actions and claims for medical injury.  In other words, "[i]f the plaintiff alleges concurrent malpractice by multiple defendants in different counties, venue is proper as to all defendants in one of the counties."  2 David Newbern, John Watkins & D.P. Marshall Jr., *Arkansas Civil Practice & Procedure* § 9:8 (5th ed. 2011).  Thus, applied under the facts of this case, because it was undisputed that venue against the Mercy Defendants was proper in Sebastian County, venue was also proper against LAMMICO and Dr. Irwin regardless of whether the claims were for ordinary negligence or medical injury.  Again, section 16-60-101(e) states that "when venue [in Sebastian County] is proper as to one (1) defendant [here, the Mercy Defendants], it is also proper as to any other defendant [LAMMICO and Dr. Irwin] with respect to all causes of action arising out of the same transaction or occurrence [here, the cumulative negligence]."

Why then, is that not the end of the case?  Why are we not simply reversing the circuit court's dismissal for lack of venue?  The answer to those questions requires us to discuss the proceedings below and, more importantly, appellant's arguments made on appeal.

At the hearing on the motion to dismiss, the parties and the circuit court were discussing and arguing the applicability of venue sections 16-60-101 and -105.  During her argument at the motion-to-dismiss hearing, Ruloph conceded that if the conduct of LAMMICO and Dr. Irwin sounded in medical injury or medical negligence, then venue for LAMMICO and Dr. Irwin in Sebastian County was improper, to-wit:

| [THE COURT]: | So, are you conceding, though, that if the Court finds that it is a medical injury that both LAMMICO and Dr. Irwin should be sued in Washington County? |
| --- | --- |

17

| [RULOPH'S COUNSEL]: | Yes, I agree if it is a medical injury. The case is in Sebastian County upon the allegations that this is a case insofar as LAMMICO is concerned, and I am not talking about LAMMICO's vicarious liability from Dr. Irwin, but LAMMICO's personal liability, their failure to maintain the information was the reason that Kimberly was sent there and that failure is simple negligence. |

As it turns out, this statement (and more importantly, the concession) by Ruloph's counsel was erroneous for the reasons stated above.

Two days later, Ruloph's counsel wrote a letter to the circuit court in what was perhaps an attempt to correct his error at the hearing and argued, inter alia, that section 16-60-101(e) would permit venue in Sebastian County over the Washington County defendants, LAMMICO and Dr. Irwin, as was set forth in paragraph 8 of the amended complaint. The letter states the following in pertinent part: "Plaintiff expressly predicates venue as to the Defendants, LAMMICO and Irwin, upon the co-defendant venue statute, ACA 16-60-101(e)." Then, four days later, counsel for defendants LAMMICO and Dr. Irwin responded to the letter and argued that (1) the court should disregard Ruloph's letter, and (2) section 16-60-101(e) does not apply to medical-negligence claims.

The following week, the circuit court issued its written ruling and issued an amended order over a month later. In its order, the court apparently disregarded Ruloph's posthearing argument that section 16-60-101(e) would permit venue in Sebastian County over the Washington County defendants, LAMMICO and Dr. Irwin. The circuit court stated the following in its amended order:

18

I. Is venue proper in Sebastian County?

The Plaintiff asserts that venue properly lies in Sebastian County based on the multiple defendant provision of the general venue statute codified at A.C.A. § 16-60-101. Section (e) of that statute provides:

"When venue is proper as to one (1) defendant, it is also proper as to any other defendant with respect to all causes of action arising out of the same transaction or *occurrence*." [Emphasis added.]

The Plaintiff contends the statutory language set forth above means that if this action was properly brought in Sebastian County against Defendants Mercy, Hospital Fort Smith and Mercy Clinic Fort Smith Communities, then venue is proper as to LAMMICO/WRMC and Irwin as well.

Conversely, LAMMICO/WRMC and Irwin argue that § 16-60-101(e) does not apply in this case because this action is governed by the medical injury venue statute set forth at A.C.A.§ 16-60-105. That statute provides:

"A civil action for medical injury brought under § 16-114-201 et seq. against a medical care provider, as defined in § 16-114-201, shall be filed in the county in which the alleged act or omission occurred."

Both parties concede that if the court finds the Plaintiff's claim is based on a "medical injury" then venue in this matter is properly governed by A.C.A. § 16-60-105, which means the actions against LAMMICO/ WRMC and Irwin should be brought in Washington County. As the Plaintiff notes in her brief, "the question presented is whether Ark. Code Ann. § 16-60-105 trumps § 16-60-101(e) under the facts of this case. This determination depends on whether the claims alleged in the complaint sound in ordinary negligence rather than medical injury." Thus, it seems the task of the court is clear - it must resolve the issue of whether the Plaintiff's claims against LAMMICO/WRMC and Irwin have alleged a medical injury has occurred.

After reciting the facts of the case and discussing some pertinent precedent, the circuit court

found the following:

Having made the [finding that this was a medical injury], it follows that A.C.A. § 16-60-105 applies to the plaintiff's claims against both of these defendants and this matter should be transferred back to Washington County Circuit Court pursuant to ARCP 12(h)(3). . . . The Defendants' Motion to Dismiss should be and is hereby

granted and the plaintiffs' claims against LAMMICO/WRMC shall be transferred to Washington County Circuit Court[.]

Ruloph appealed.

The disposition of this appeal is precariously balanced by the arguments Ruloph made on appeal. Assuming arguendo that Ruloph alleged and argued below that section 16-60-101(e) is applicable to medical injuries, which is not a given due to the ambiguities in the record, Ruloph ultimately abandoned that argument on appeal as explained below and in the majority opinion. In Ruloph's brief, she started her argument section by stating the following:

> Appellant laid venue of her negligence claims against Appellees LAMMICO and Irwin under A.C.A. § 16-60-101(e), which provides, "When venue is proper as to one (1) defendant, it is also proper as to any other defendant with respect to all causes of action arising out of the same transaction or occurrence."

Unfortunately, Ruloph does not provide any analysis, precedent, or any further cogent or persuasive legal argument to support this statement. And, moreover, Ruloph also states in her brief that "this appeal presents a single issue of whether the claims Appellant alleges against Appellees LAMMICO and Irwin are based on ordinary negligence versus a medical injury." It is a well-settled principle of appellate law that we will not make a party's argument for him or her. *Thigpen v. City of El Dorado*, 2020 Ark. App. 531. Further, we have held that conclusory assertions and general statements do not rise to the level of developed argument to preserve an issue for appellate review. *See Jade Prop. Holdings, LLC v. First Serv. Bank*, 2024 Ark. App. 414, 699 S.W.3d 136. It is axiomatic that this court will not consider arguments that are unsupported by convincing argument or sufficient citation to legal authority.

*Thigpen, supra.*  The remainder of Ruloph's argument on appeal then turns to whether the conduct was ordinary negligence or medical negligence.  It is a familiar rule of practice that an appellate court does not reverse on a ground not argued by the appellant.  *Cummings v. Boyles*, 242 Ark. 923, 923, 415 S.W.2d 571, 571 (1967); *Houston v. State*, 82 Ark. App. 556, 559, 120 S.W.3d 115, 117 (2003).  Instead, arguments made below but not argued on appeal are deemed abandoned.  *Vibo Corp. v. State ex rel. McDaniel*, 2011 Ark. 124, at 23–24, 380 S.W.3d 411, 426.  Accordingly, even though section 16-60-101(e) would have granted venue over LAMMICO and Dr. Irwin in Sebastian County for a medical injury, we are limited by the arguments made on appeal.  Thus, we must nevertheless affirm the circuit court's erroneous ruling on venue because Ruloph failed to make the proper argument on appeal.

*Blair & Stroud*, by: *H. David Blair* and *Barrett S. Moore*, for appellant.

*Carithers Johnson Devenport PLLC*, by: *Kelly Carithers* and *Colin M. Johnson*, for appellees.